# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ELKEM ASA, Plaintiff, v. UNITED STATES, Defendant. | Court. No. 26-04040<br>Before: Unassigned |

## COMPLAINT

1. Plaintiff Elkem ASA ("Elkem" or "Plaintiff") files this complaint to contest the final affirmative determination by the U.S. International Trade Commission ("the Commission") in its investigations of Silicon Metal from Angola, Australia, Laos, Norway, and Thailand, published in the *Federal Register* on April 9, 2026 (91 Fed. Reg. 18,004) (Angola, Laos, and Thailand) and August 19, 2026 (91 Fed. Reg. 53,632) (Australia and Norway). By and through its attorneys, Plaintiff alleges and states as follows:

## JURISDICTION

2. Plaintiff brings this action pursuant to Sections 516A(a)(2)(A)(i)(II), and 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended ("the Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (a)(2)(B)(i). This Court has jurisdiction over this matter under 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

## STANDING

3. Plaintiff is a foreign producer of subject merchandise from Norway. Plaintiff also actively participated in the agency investigations that are the subject of this appeal, including by filing an entry of appearance; filing post-conference, pre-hearing, and post-hearing briefs; submitting comments on questionnaires and questionnaire responses; and participating in a hearing. Accordingly, Plaintiff is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended, 19 U.S.C. § 1677(9)(A), and has standing to commence this action as a "party to the proceeding" pursuant to Section 516A(d) of the Act, 19 U.S.C. § 1516a(d), and 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

4. The Commission published notice of its final affirmative determinations in its investigations of silicon metal from Angola, Laos, and Thailand (leading investigations) on April 9, 2026, and notice of its final affirmative determinations in its investigations of silicon metal Australia and Norway (trailing investigations) on August 19, 2026. *See Silicon Metal From Angola, Laos, and Thailand*, 91 Fed. Reg. 18,004 (Apr. 9, 2026); *Silicon Metal From Australia and Norway; Determinations*, 91 Fed. Reg. 53,632 (Aug. 19, 2026) (together, "*Final Determinations*").

5. On August 21, 2026, the U.S. Department of Commerce issued the antidumping and countervailing duty ("AD/CVD") orders on silicon metal from Australia and Norway. *See Silicon Metal From Australia and Norway: Antidumping Duty Orders*, 91 Fed. Reg. 54,306 (Aug. 21, 2026); *Silicon Metal From Australia and Norway: Countervailing Duty Orders*, 91 Fed. Reg. 54,305 (Aug. 21, 2026).

6. Plaintiff initiated this action by filing a Summons on September 18, 2026, within thirty days of the issuance of the AD/CVD orders based upon the Commission's determination. Accordingly, this action was timely commenced within the period specified by 19 U.S.C. § 1516a(a)(2)(A)(i)(II). *See also* Rule 3(a)(2) of the Rules of the United States Court of International Trade ("CIT Rules"); 28 U.S.C. § 2636(c).

7. Plaintiff is filing this Complaint within thirty days after filing of the Summons in this action as prescribed by 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(2) of the CIT Rules.[1] Accordingly, this Complaint is timely filed.

## STATEMENT OF FACTS

8. The Commission instituted the AD/CVD investigations on silicon metal from Angola, Australia, Laos, Norway, and Thailand on April 24, 2025, following receipt of petitions filed with the Commission and the U.S. Department of Commerce by Ferroglobe USA, Inc. ("Ferroglobe") and Mississippi Silicon LLC ("MS Silicon"), domestic producers of silicon metal (or the "Petitioners").

9. On June 13, 2025, the Commission published notice of its affirmative preliminary determinations. *See Silicon Metal From Angola, Australia, Laos, Norway, and Thailand*, 90 Fed. Reg. 25,076 (June 13, 2025). The Commission published notice of the scheduling of the final phase of the investigations and a public hearing on November 26, 2025. *See Silicon Metal From Angola, Australia, Laos, Norway, and Thailand; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations*, 90 Fed. Reg. 54,365 (Nov. 26, 2025).

[1] Because the end of the 30-day period falls on a Sunday, the period continues to run until the end of the next business day. *See* Rule 6(a)(1)(c) of the CIT Rules.

10. On February 5, 2026, interested parties, including Plaintiff, filed pre-hearing briefs with the Commission. The Commission conducted its hearing on February 19, 2026. Interested parties, including Plaintiff, filed post-hearing briefs on February 26, 2026.

11. In briefing and at the Commission's public hearing, Plaintiff, along with other respondent interested parties (collectively, "Joint Respondents"), presented evidence that the domestic silicon metal industry was not materially injured or threatened with material injury by reason of subject imports.

12. The Commission's investigation schedules became staggered when Commerce postponed the final determinations for its AD/CVD investigations regarding Australia and Norway but not the final AD/CVD determinations regarding Angola, Laos, and Thailand. On March 13, 2026, Joint Respondents filed final comments with the Commission emphasizing the record evidence demonstrating a lack of injury to the domestic silicon metal industry by reason of subject imports. On April 6, 2026, the Commission issued final affirmative determinations in the investigations of silicon metal from Angola and Laos. The Commission terminated the CVD investigation of silicon metal from Thailand because it determined that subject imports from that country were negligible. *See Silicon Metal From Angola, Laos, and Thailand*, 91 Fed. Reg. 18,004 (Apr. 9, 2026).

13. On July 9, 2026, following notification of final affirmative AD/CVD determinations by Commerce regarding silicon metal from Australia and Norway, the Commission published notice of the supplemental scheduling of the final phase of the Commission's AD and CVD investigations for those countries. *See Silicon Metal From Angola, Laos, and Thailand*, 91 Fed. Reg. 42,559 (July 9, 2026).

14. On July 10, 2026, Joint Respondents filed supplemental final comments with the Commission re-emphasizing the record evidence demonstrating a lack of injury to the domestic silicon metal industry by reason of subject imports. Nevertheless, the Commission published its final affirmative determinations regarding silicon metal from Australia and Norway on August 19, 2026, *see Silicon Metal From Australia and Norway; Determinations*, 91 Fed. Reg. 53,632 (Aug. 19, 2026). The Commission determined that the domestic industry producing silicon metal was materially injured by subject imports from Australia and Norway, which were cumulated with subject imports from Laos.

## STATEMENT OF CLAIMS

### COUNT ONE
### CAUSATION – SELF-INFLICTED INJURY NOT ATTRIBUTABLE TO SUBJECT IMPORTS

15. Paragraphs 1 through 14 are hereby incorporated by reference.

16. The Commission's determination that intra-industry competition between Petitioners was not an alternative cause of the domestic industry's alleged material injury during the Period of Investigation ("POI"), including its claimed poor financial performance, was not supported by substantial evidence and was otherwise contrary to law.

17. The Commission gave only passing reference to the record evidence of the fierce competition between the two Petitioners. *See Silicon Metal from Angola, Laos, and Thailand*, Inv. Nos. 701-TA-761, 763 & 731-TA-1743, 1745 (Final), USITC Pub. 5720 (Apr. 2026) at 57 (spending less than a paragraph of its analysis addressing Joint Respondents' intra-industry competition argument). Yet the record established that intense intra-industry competition contributed to price declines in 2022 and into 2023, and Petitioners' declining financial performance directly tracked their race to the bottom on price. At the same time, subject imports

represented an historically small portion of the market, and what subject imports were present in the market were forced to follow prevailing market trends set by Petitioners.

18. Insofar as the Commission ignored such evidence demonstrating that Petitioners depressed domestic prices for all market participants through intra-industry competition, and thus caused their own poor financial performance, then its determination that subject imports caused material injury to the domestic injury is unsupported by substantial evidence and otherwise contrary to law.

**COUNT TWO**
**CAUSATION – IMPACT OF NON-SUBJECT IMPORTS ON DOMESTIC INDUSTRY**

19. Paragraphs 1 through 18 are hereby incorporated by reference.

20. The Commission's determination that the domestic industry's affiliated non-subject imports was not an alternative cause of the domestic industry's alleged material injury during the POI, including claimed poor financial performance, was not supported by substantial evidence and was otherwise contrary to law.

21. The Commission did not adequately consider Joint Respondents' arguments related to the increasing presence of non-subject imports, in particular from Petitioners' affiliates in Canada, Brazil, and the EU. The record established, and the Commission acknowledged, that nonsubject imports maintained a larger presence in the U.S. market than cumulated subject imports throughout the POI, and that those same nonsubject imports were often the lowest priced the market. Yet the Commission made only passing reference to the fact that nonsubject imports were the leading source of imports, and that domestic producers were choosing to sell low-priced nonsubject imports rather than domestic product. *See* USITC Pub. 5720 at 68-70.

22. Insofar as the Commission refused to consider a causal link between Petitioners' declining financial performance and the price-depressing effects of nonsubject imports from

Petitioners' own affiliates, then its findings of any adverse impacts by reason of subject imports were unsupported by substantial evidence and otherwise contrary to law.

**COUNT THREE**
**VOLUME EFFECTS**

23. Paragraphs 1 through 22 are hereby incorporated by reference.

24. The Commission's determination that the volume of subject imports was significant, in absolute terms and relative to U.S. consumption and production, was not supported by substantial evidence and was otherwise contrary to law.

25. The Commission acknowledged that subject imports were the smallest source of supply to the U.S. market throughout POI and that subject imports were dwarfed by domestic supply and nonsubject imports from Petitioners' offshore affiliates. *See* USITC Pub. 5720 at 67. At the same time, it ignored record evidence demonstrating that those small volumes of subject imports only gained market share in segments that the domestic industry elected not to serve, as confirmed by purchasers, and increased only modestly in volume.

26. Insofar as subject imports occupied a relatively insignificant share of the U.S. market over the POI, supplying only niche segments that Petitioners refused to service, then the Commission's determination that subject import volumes were significant was unsupported by substantial evidence and otherwise contrary to law.

**COUNT FOUR**
**ADVERSE PRICE EFFECTS**

27. Paragraphs 1 through 26 are hereby incorporated by reference.

28. The Commission's determination that subject imports had significant price effects was not supported by substantial evidence and was otherwise contrary to law.

29. The Commission failed to consider record evidence establishing that subject import volumes declined in 2023 to their lowest levels in history, precisely when most of the U.S. price declines occurred. The Commission also failed to consider that when purchase cost data is correctly assessed as part of the price record, subject imports oversold/overbid domestic producers in a majority of instances. Finally, the Commission disregarded that there were no material confirmed lost sales or lost revenues. *See* USITC Pub. 5720 at 46-50.

30. Insofar as the Commission failed to properly consider the totality of the pricing evidence, including the lack of pricing power from price-taking subject imports and the lack of evidence of underselling in the purchase cost data, then the Commission's findings of adverse price effects by reason of subject imports were not supported by substantial evidence and were otherwise contrary to law.

**COUNT FIVE**
**CAUSATION – ALTERNATIVE CAUSES OF INJURY**

31. Paragraphs 1 through 30 are hereby incorporated by reference.

32. The Commission's determination that the domestic silicon metal industry was materially injured by reason of subject imports was not supported by substantial evidence and was otherwise contrary to law.

33. The Commission failed to properly consider the lack of a causal link between subject imports and Petitioners' performance, including by not adequately considering possible alternative causes of material injury to the domestic industry. The Commission ignored, *inter alia*, the chorus of purchasers confirming that subject imports were not taking sales away from domestic producers but instead filling unmet supply needs. The record further established that Petitioners made a series of unforced business decisions, including taking silicon metal capacity offline, which

contributed to Petitioners' being unable or unwilling to supply customers during the POI. *See, e.g.*, USITC Pub. 5720 at 37.

34. Insofar as the Commission failed to adequately consider alternative causes of Petitioners' performance, including actions by Petitioners themselves, then its findings of material injury by reason of subject imports were not supported by substantial evidence and were otherwise contrary to law.

**COUNT SIX**
**THREAT**

35. Paragraphs 1 through 34 are hereby incorporated by reference.

36. The Commission's determination to cumulate subject imports from Australia and Norway with imports from Angola and Laos for its threat analysis, and in turn finding that cumulated subject imports threatened the domestic industry with material injury, was not supported by substantial evidence and was otherwise contrary to law.

37. The Commission failed to consider record evidence establishing that subject imports from Australia and Norway are distinctive from other import sources. Australian and Norwegian producers supply high-quality silicon metal, and have long been reliable suppliers of steady, modest volumes of subject imports, which the Commission has previously determined are not a threat to the domestic industry. The record was likewise bereft of evidence suggesting an imminent increase in production or capacity in Australia or Norway, or an imminent increase in exports to the United States from these countries.

38. Insofar as the Commission failed to decumulate subject imports from Australia and Norway for its threat analysis, and failed to support with record evidence its findings regarding threat of material injury from these countries, then its determination of threat of material injury by reason of subject imports was unsupported by substantial evidence and otherwise contrary to law.

**REQUEST FOR JUDGMENT AND RELIEF**

39. WHEREFORE, Plaintiff respectfully requests that this Court:

40. Hold that the portions the Commission's *Final Determinations* described herein are unsupported by substantial evidence and otherwise not in accordance with law;

41. Remand this matter to the Commission for disposition consistent with the opinion and order of the Court; and

42. Grant such further relief as this Court deems just and proper.

* * *

Dated: October 19, 2026 Respectfully submitted,

/s/ Thomas M. Beline
Thomas M. Beline
Jonathan M. Zielinski
Margaret E. Monday
**CASSIDY LEVY KENT (USA) LLP**
2112 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20037
Phone: (202) 567-2316
Fax: (202) 567-2301
Email: tbeline@cassidylevy.com
*Counsel for Elkem*

**NOTICE TO INTERESTED PARTIES**

*Elkem ASA v. United States*
CIT Court No. 26-004040

I, Thomas M. Beline, of the law firm Cassidy Levy Kent (USA) LLP, hereby certify that on October 19, 2026, pursuant to CIT Rule 3(f), I notified all interested parties who were a party to the proceeding below, by mailing copies of the foregoing Complaint, by certified mail, return receipt requested:

**On behalf of: Petitioner Ferroglobe USA, Inc.; Mississippi Silicon LLC**
Adam H. Gordon
The Bristol Group PLLC
1050 17th Street, NW Suite 1050
Washington, DC 20036
adam.gordon@bristolgrouplaw.com

**On behalf of: Royal Thai Government; Wacker Chemicals Norway AS; Wacker**
Polysilicon North America LLC
Richard Ferrin
Faegre Drinker Biddle & Reath LLP
1500 K Street, NW Suite 1100
Washington, DC 20005
richard.ferrin@faegredrinker.com

**On behalf of: Shintech Inc.; Simcoa Operations Pty, Ltd.**
Jonathan Stoel
Hogan Lovells Cadwalader
555 Thirteenth Street, NW, Columbia Square
Washington, DC 20004
jonathan.stoel@hoganlovells.com

**On behalf of: Hemlock Semiconductor Operations LLC**
Craig A. Lewis
Hogan Lovells Cadwalader
555 Thirteenth Street, NW, Columbia Square
Washington, DC 20004
craig.lewis@hoganlovells.com

/s/ Thomas M. Beline
Thomas M. Beline

**CERTIFICATE OF SERVICE**

*Elkem ASA v. United States*
CIT Court No. 26-004040

I, Thomas M. Beline, of the law firm Cassidy Levy Kent (USA) LLP, hereby certify that on October 19, 2026, pursuant to CIT Rule 3(f), I notified all interested parties who were a party to the proceeding below, by mailing copies of the foregoing Complaint, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-in-Charge
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278
civil.itfoecf@usdoj.gov

Director, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

**UPON THE INTERNATIONAL TRADE COMMISSION**
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW.
Washington, DC 20436
citlit@usitc.gov

/s/ Thomas M. Beline
Thomas M. Beline